PER CURIAM.
Eugene Collier petitions this Court for reinstatement into The Florida Bar following the service of a six month suspension imposed by this Court for violation of several disciplinary rules. The Florida Bar v. Collier, 506 So.2d 389 (Fla.1987). We have jurisdiction. Art. V, § 15, Fla. Const.
In his report, the referee found that Collier complied with all terms of his suspension, that he is sufficiently rehabilitated, and that he should be reinstated. Neither The Florida Bar nor Collier disputes this portion of the referee’s report. However, the referee recommended that, as a condition precedent to reinstatement, Collier be required to pay the sum of $13,795.00 to E.M. Crisman, Jr., for out-of-pocket expenses incurred by him in connection with Collier’s misconduct.
As attorney for a trust in which his wife was the trustee, Collier was paid attorney’s fees which the referee determined were “grossly disproportionate for the services which were performed by him on behalf of the trust.” In addition, Collier’s wife received management fees which were also grossly disproportionate for her service as trustee. These attorney’s fees and management fees were for services performed on behalf of the trust to defend lawsuits which would not have been filed had it not been for Collier’s misconduct. These findings are supported by competent and substantial evidence and therefore must be upheld. The referee determined the sum of these two fees to be $13,795.00. The referee found that, had the trust not been so depleted by Collier and his wife, Crisman would not have been required to support the trust’s beneficiary, E.M. Cris-man, Sr., with his own funds. Accordingly, the fees the Colliers improperly received should be reimbursed to Mr. Crisman, Jr.
Collier asks this Court to review the finding of guilt in his original suspension proceeding. That matter is closed. The principles of res judicata and the law of the case clearly prohibit Mr. Collier from relitigating the issue of his guilt. Collier was given every opportunity to present evidence and testimony and yet the referee recommended that he be found guilty. The recommendation was upheld by this Court.
The Florida Bar asks us to give Mr. Collier one year to pay the $13,795.00 to Mr. Crisman. However, Collier has not claimed he needs that time, and the Bar has not demonstrated that this time is necessary. Therefore we uphold the referee’s recommendation that the payment of the money to Mr. Crisman be a condition precedent to Collier’s reinstatement.
Accordingly, we approve the referee’s recommendations in full and order that Mr. Eugene Collier be reinstated as a member in good standing of The Florida Bar upon the fulfillment of the condition precedent that he pay the sum of $13,795.00 to Mr. E.M. Crisman, Jr. The costs of this proceeding are taxed against the petitioner. Judgment for costs is entered against Eugene Collier in the amount of $805.53 for which sum let execution issue.
It is so ordered.
McDonald, C.J., and OVERTON, EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.